United States District Court
Southern District of Texas
**ENTERED**
December 17, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JANICE VINSON MATTHEWS, § § Plaintiff, § v. § LOUIS DEJOY, POSTMASTER GENERAL, U.S. POSTAL SERVICE, *et al.*, § § § § § § Defendants. § | CIVIL ACTION NO. H-25-1329 |

**MEMORANDUM AND OPINION**

Janice Vinson Matthews has asserted a series of discrimination claims against her long-time employer, the United States Postal Service. (Docket Entry No. 1). Matthews previously filed two separate suits in this court that were consolidated. In 2017, the court granted the Postal Services's motion for partial summary judgment and to stay the remaining discrimination claim pending resolution of an Equal Employment Opportunity Commission administrative class action. *Matthews v. Brennan*, Civ. Action No. H-14-1825, 2017 WL 1956732 (S.D. Tex. May 11, 2017). In March 2025, Matthews filed this lawsuit, which was later transferred to this judge. (Docket Entries Nos. 1, 18). The Postal Service has moved to dismiss the current case as duplicative of the earlier filed case. (Docket Entry No. 15).

The court agrees with the Postal Service that the current claims are duplicative of those asserted in Matthews's prior lawsuit. Based on the motion, the pleadings, the prior lawsuit, and the applicable law, the court grants the motion to dismiss. The parties are directed to file a motion to reopen Matthews's prior lawsuit within fourteen days of the entry of this order. The reasons are set out below.

**I.     Background**

Matthews began working for the Postal Service in 1982. *Matthews*, 2017 WL 1956732, at *1. In her earlier filed lawsuit, she alleged that the Postal Service discriminated against her on the basis of disability and retaliated against her for filing civil-rights complaints. *Id*. As detailed in that case, in 1998 and again in 2004, Matthews injured her back and hand while working and was also diagnosed with work-related depression. *Id.* On April 18, 2007, the Postal Service notified Matthews that she was among the workers reassigned from the James Griffith Station to the Houston General Post Office as part of the Postal Service's "National Reassessment Process." *Id.* The offer for her new assignment with the General Post Office, which Matthews received on April 30, 2007, was for an eight-hour shift rather than the four-hour shift she was working based on her medical restrictions. *Id*. The Acting Manager for Customer Services at the General Post Office, Sheila Thomas, told Matthews that there was no other job available and Matthews was sent home that day without pay. *Id.* Thomas later testified that she did not have authority to reassign Matthews to the station where she previously worked. *Id*.

On May 3, 2007, Matthews received a modified job offer that correctly reflected her four-hour shift restriction. *Id*. She received a mailed copy of the offer on June 15, 2007. *Id.* On May 10, 2007—shortly after learning of the new job offer but before receiving the written copy of the offer by mail—her treating psychiatrist sent the Postal Service a note stating that Matthews was "unable to return to gainful work due to general medical conditions and/or psychological well-being." *Id.* at *2. When Matthews received the written copy of the modified job offer, she checked the box indicating that she accepted the offer but wrote that she did so "under protest and distress" because she needed a medical release before she could return to work. *Id.*

2

Between May 2007 and November 2011, Matthews provided a series of doctor's notes stating that she was unable to work. *Id.* The November 2011 note stated that Matthews would be able to return no sooner than May 31, 2012, and that her exact date of return was unclear. *Id.* In December 2011, the Postal Service initiated "administrative separation" proceedings under a Postal Service manual provision stating that the Postal Service may administratively separate employees who have been unable to work for more than a year and are unlikely to return to work in the near future. *Id.* The Postal Service's headquarters approved the separation. *Id.* Matthews was notified of the separation decision in a letter dated January 26, 2012. *Id.*

In September 2007, Matthews filed the first of two formal complaints with the Post Office Equal Opportunity Office that served as the basis of her prior lawsuit. *Id.* The September 2007 complaint claimed disability discrimination and retaliation for protected activity based on (1) the April 2007 cancellation of her modified assignment at her prior station, (2) the April 2007 refusal to allow her to "get on the clock" for the day and to provide her a job that met her medical restrictions, (3) the May 2007 job offer, which Matthews characterized as "bogus" because it did not include certain job details, and (4) the June 2007 cancellation of a meeting between Matthews and her Equal Employment Opportunity Office representative. *Id.* The Post Office Equal Employment Opportunity Office accepted the first three claims for investigation and rejected the fourth. *Id.* Meanwhile, in another case, in May 2008, an administrative law judge at the Equal Employment Opportunity Commission (EEOC) certified a class of "all permanent rehabilitation employees and limited duty employees" of the Postal Service who were "subjected to the [National Reassessment Plan]," allegedly in violation of the Rehabilitation Act. *Id.* Because Matthews's disability discrimination claims were subsumed into the class action, the EEOC held those claims

in abeyance. The administrative law judge then rejected her remaining retaliation claims and the EEOC Office of Federal Operations affirmed that decision. *Id.*

In 2012, Matthews filed her second complaint, which formed the other basis for the prior lawsuit. *Id.* This complaint alleged that the decision to administratively separate her in early 2012 and many of the actions related to that decision were discriminatory and retaliatory. *Id.* The Postal Service accepted the complaint for investigation. *Id.* The EEOC administrative law judge's investigation then found no evidence of discrimination and rejected the claim. *Id.* The Office of Federal Operations affirmed. *Id.*

Matthews filed two separate suits in this court based on the administrative complaints. *Id.* at *3. Those lawsuits were consolidated, and the Postal Service filed a motion for partial summary judgment and to stay the remaining discrimination claims. *Id.* After reviewing all the evidence, the court granted summary judgment for the Postal Service on the the 2007 retaliation claims and the 2012 discrimination and retaliation claims. *Id.* at *11. The 2007 discrimination claims remained but were stayed and the case was administratively closed pending the resolution of the EEOC administrative class action. *Id.* The court stated that if the EEOC class action did not resolve Matthews's claim, the parties would have to move to reinstate the claim to the active docket and for a status conference within 14 days after the class action was resolved. *Id.*

On March 19, 2025, Matthews filed the case that is now before the court. (Docket Entry No. 1). Matthews was granted leave to proceed *in forma pauperis*. (Case No. 4:25-mc-00485, Docket Entry No. 2). In her complaint, she alleged that on January 11, 2025, she received a copy of the "Administrative Closure," dated December 20, 2024, confirming that she was not part of

the EEOC's certified class for her 2007 discrimination claims.[1]  (Docket Entry No. 1 at 2, 8). Instead of clearly asserting discrimination based on disability, she checked the boxes for discrimination based on race, color, sex, religion, and retaliation.  (*Id.* at 2).  She alleged discrimination based on the following facts: (1) on April 18, 2007, the Postal Service withdrew her reasonable accommodations; (2) on April 30, 2007, she was issued a new job offer that violated her medical restrictions and she was not paid for work that day; (3) on June 15, 2007, she received another job offer that violated her religious rights by requiring her to work on Sundays, forced her to work at an inconvenient time with an abusive manager, and caused her mental distress; and (4) that the Postal Service administratively separated her in 2012 after years of failing to provide her a proper offer of modified assignment.  (*Id.* at 2–3).

On July 24, 2025, the Postal Service filed a motion to dismiss, or in the alternative, to transfer the case to this judge.  (Docket Entry No. 15).  The Postal Service first argued that res judicata barred the 2012 administrative separation claims because they had been fully litigated. (*Id.* at 4–5).  The Postal Service then argued that, for judicial economy, the court should either dismiss the 2007 discrimination claims without prejudice to allow Matthews to reopen the earlier filed case or transfer the case to this judge.  (*Id.* at 6–7).  The Postal Service argued that Matthews's 2007 discrimination claims "are substantially the same" as those from the prior lawsuit and that "a reinstatement of the prior case is the most effective use of [c]ourt resources," noting that the parties had conducted discovery in the prior case and that there was extensive motion practice.  (*Id.* at 7).

In her response, Matthews did not assert that she was bringing claims for discrimination based on sex, race, or religion but rather stated that she was bringing discrimination claims only

---

[1] The Postal Service does not contest that the final decision confirming that Matthews was not part of the EEOC's certified class was issued in December 2024.  (Docket Entry No. 15 at 4 n.3).

5

based on retaliation and disability discrimination. (Docket Entry No. 16 at 4, 5, 8). She then argued that she was not trying to relitigate her prior claims. (*Id.* at 4). She argued that she did not have "the opportunity to establish a prima facie claim of discrimination for disability" in the prior lawsuit and that the parties "never got completely through [d]iscovery for the evidence of retaliation." (*Id.* at 8). She also stated that she was "not really concerned who the [j]udge presiding over this case is." (*Id.*). In its reply brief, the Postal Service noted that since Matthews filed her response, the parties had conferred but that Matthews "would not give a position on whether she was amenable to a dismissal of this lawsuit and reopening of the prior lawsuit." (Docket Entry No. 17 at 2). The case was subsequently transferred to this judge without a ruling on the motion to dismiss. (Docket Entry No. 18). The court now grants the motion to dismiss.

**II.     The Legal Standard**

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Houston Pro. Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "True res judicata 'has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005)).

"Section 1915(e)(2) provides that 'the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." *Lewis v. Sec'y of Pub. Safety and Corr.*, 508 F. App'x 341, 343 (5th Cir. 2013) (per curiam) (quoting 28 U.S.C.

§ 1915(e)(2)(B)(i)).  "A case may be dismissed as malicious if it duplicates claims that the same plaintiff has raised in previous or pending litigation."  *Id.* at 343–44.  "A case is duplicative if it involves 'the same series of events' and allegations of 'many of the same facts as an earlier suit.'"  *Id.* (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)).  Duplicative claims may be dismissed *sua sponte*.  *See Dockum v. Harris Cnty. Sheriff's Dep't*, Civ. Action No. H-05-1851, 2005 WL 1949518, at *1 (S.D. Tex. Aug. 12, 2005).

### III.    Analysis

Res judicata, or claim preclusion, prevents Matthews from relitigating her discrimination and retaliation claims based on the 2012 administration separation as well as relitigating her 2007 retaliation claims.[2]  All four elements of res judicata are met.  First, the parties are the same: her 2017 lawsuit was also brought against the Postal Service.[3]  Second, that judgment was issued by this court, which is a court of competent jurisdiction.  Third, the court granted the Postal Service's motion for summary judgment on the merits of all Matthews's causes of action except for the one that was stayed.  Fourth, the same causes of action are involved in both suits.  "In determining whether 'the same claim or cause of action was involved in both actions,' the court looks to 'whether the two actions are based on the 'same nucleus of operative facts.'"  *Mendoza v. City of*

---

[2] Although res judicata is generally pleaded as an affirmative defense, courts may dismiss a complaint under Rule 12(b)(6) based on res judicata where "all the relevant facts are before [the court] and not in dispute." *Pie Dev., L.L.C. v. Pie Carrier Holdings, Inc.*, 128 F.4th 657, 662 (5th Cir. 2025).  Res judicata in this case is based on the 2017 suit before the same court.  The court "may take judicial notice of its own records." *In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019) (quoting *Rayonier Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. 1981)).

[3] As the Postal Service notes, the current defendant is a former Postmaster for the United States and the defendant in the original lawsuit was also a former Postmaster for the United States.  (Docket Entry No. 15 n.4).  The United States Attorneys' Office in the Southern District of Texas handled the last suit and is handling the current suit.  (*Id.*).  *See Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402–03 (1940) ("There is privity between officers of the same government so that a judgment in a suit between that party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government.").

*Splendora*, Civ. Action No. H-21-820, 2022 WL 493597, at *2 (S.D. Tex. Jan. 18, 2022) (quoting *Test Masters*, 428 F.3d at 571)). "In addition, regardless of the actual claims raised in an action, '[r]es judicata extends beyond claims that were actually raised and bars all claims that 'could have been advanced in support of the cause of action on the occasion of its former adjudication.'" *Id.* (quoting *Maxwell v. U.S. Bank Nat'l Ass'n*, 544 F. App'x 470, 472 (5th Cir. 2013)). Matthews's claims in her prior suit and this current suit all "clearly arise from the same operative facts." *Maxwell*, 544 F. App'x at 473. Except for her stayed 2007 discrimination claims, Matthews' claims are barred by res judicata.

The 2012 administration separation claims and the 2007 retaliation claims are dismissed, with prejudice, because they are barred by res judicata. *See Williams v. Cap. Fund I, LLC*, No. 4:23-cv-3491, 2024 WL 5274646, at *2 (S.D. Tex. Nov. 15, 2024) (dismissing a case with prejudice as barred by res judicata). These claims may also be dismissed as malicious because they are duplicative of claims that Matthews has already unsuccessfully litigated. As noted above, "[a] district court may dismiss as malicious an in forma pauperis complaint that duplicates the allegations of another pending or previously dismissed federal lawsuit filed by the same plaintiff." *Mumphrey v. Houston Police Dep't*, Civ. Action No. H-11-3988, 2012 WL 253385, at *3 (S.D. Tex. Jan. 25, 2012). Matthews filed this case years after filing the near-identical prior case; she is proceeding *in forma pauperis* in both cases. Because the claims based on the 2012 administrative separation and the 2007 retaliation claims are duplicative of claims already litigated before this court, they are dismissed, with prejudice, as malicious under § 1915(e)(2)(B)(i) as well. *Id.*

The court also dismisses Matthews's 2007 discrimination claims as malicious under § 1915(e)(2)(B)(i) because they are duplicative of the claims that the court stayed in 2017. Even if it is unclear whether Matthews' 2007 discrimination claims are entirely identical to those in the

8

prior lawsuit, this court may dismiss them as malicious because they "grow out of the same allegations" as those in the prior suit. *See Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009); *see also Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (affirming a dismissal under 28 U.S.C. § 1915(d) where the same facts but different defendants were involved). Rather than waste judicial resources by litigating the 2007 discrimination claims anew, the court dismisses the 2007 discrimination claims without prejudice and orders the parties to file a motion to reopen the prior suit within fourteen days of the entry of this order.[4] If Matthews wants to expand her 2007 discrimination claims to include kinds of discrimination beyond disability discrimination, she may seek leave to amend her prior lawsuit once it is reopened. *See Lewis*, 508 F. App'x at 344 n.2.

## IV. Conclusion

The court dismisses the claims based on the 2012 administrative separation and the 2007 retaliation claims with prejudice. The court dismisses the 2007 discrimination claims without prejudice. The court orders the parties to file a motion to reopen the prior suit by December 29, 2025. The parties must instruct the court if they do not plan to file a motion to reopen the prior case. The unopposed motion to lift the stay, (Docket Entry No. 22), is denied as moot.

SIGNED on December 15, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

---

[4] The Postal Service is not opposed to reopening the prior case. (Docket Entry No. 15 at 7; Docket Entry No. 17 at 2).